

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, ) ) ) ) ) | CIVIL ACTION NO: 11-cv-00563 |
| Plaintiff, ) ) | **Judge Samuel Der-Yeghiayan** |
| v. ) ) | |
| EUROFOREX DEVELOPMENT LLC, ) ) | |
| Defendant. ) ) | |

## <u>DEFAULT JUDGMENT ORDERING A PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST EUROFOREX DEVELOPMENT LLC</u>

On January 26, 2011, Plaintiff, the Commodity Futures Trading Commission ("CFTC"), filed a complaint seeking injunctive relief, civil monetary penalties and other equitable relief against Defendant, EuroForex Development LLC, for violations of certain registration provisions of the Commodity Exchange Act ("the Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* In an order entered on February 24, 2011, this Court found EuroForex in default under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(a). Pursuant to Fed. R. Civ. P. 55(b), this matter now comes before the Court on the CFTC's motion for default judgment. This Court has considered the entire record in this matter, including the CFTC's motion, memorandum in support of its motion and the attachments to the memorandum, and finds that

1

good cause exists for entry of the relief requested. Accordingly, the CFTC's motion is granted, as detailed below.

**THE COURT HEREBY FINDS:**

1. This Court has jurisdiction over the CFTC's action pursuant to Section 6c of Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Euroforex transacts business in this District and certain transactions, acts, practices, and courses of business alleged in the CFTC's Complaint occurred, are occurring, or are about to occur within this District.

3. The CFTC is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

4. EuroForex is a Delaware limited liability company that solicits and accepts orders for off-exchange foreign currency ("forex") transactions.

5. On January 26, 2011, the CFTC filed a Complaint against EuroForex seeking injunctive and other equitable relief for violations of the Act. That same day, the CFTC also moved for a preliminary injunction and other ancillary relief in this matter.

6. On February 2, 2011, the CFTC properly served EuroForex, pursuant to Fed. R. Civ. P. 4(h)(1)(B), by delivering copies of the summons, Complaint, Motion for Preliminary Injunction,

and Memorandum in Support of Plaintiff's Motion for Preliminary Injunction to EuroForex's registered agent, Delaware Registry Ltd.

7. EuroForex failed to plead or otherwise defend as to the complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). On February 24, 2011, this Court entered a default against EuroForex pursuant to Fed. R. Civ. P. 55(a).

8. The allegations of the complaint are well-pled and hereby taken as true. This Order is supported by the following facts.

The CFTC Has Jurisdiction Over EuroForex's Forex Transactions

9. The CFTC has jurisdiction over EuroForex's forex transactions because: (1) the transactions are offered or entered into (i) with a person that is not an eligible contract participant and (ii) on a leveraged or margined basis; (2) the transactions do not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business; and (3) EuroForex, the counterparty to the transactions with the non-eligible contract participant, is not one of certain enumerated persons. Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C).

EuroForex's Failure to Register Violates Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)

10. On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), and the CRA, to be codified at 7 U.S.C. § 1 *et seq.*, with respect to off-exchange forex transactions.

11. Pursuant to these new regulations, an entity must be registered if it wants to solicit or accept certain orders in connection with off-exchange forex transactions.

3

Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

12. EuroForex has never been registered with the CFTC in any capacity or applied for registration (or an exemption from registration).

13. Nonetheless, after October 18, 2010, EuroForex solicited or accepted orders from non-eligible contract participants ("non-ECPs") in connection with margined or leveraged forex transactions as a retail foreign exchange dealer ("RFED"). EuroForex is not one of the persons exempt from the registration requirements applicable to this conduct enumerated in Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa). Therefore, EuroForex has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

14. Moreover, EuroForex acted as an RFED, as defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1). Because EuroForex has failed to register as an RFED, it has violated Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. §5.3(a)(6)(i).

Permanent Injunctive and Other Ancillary Equitable Relief is Warranted

15. The CFTC has shown that EuroForex has engaged, is engaging, and is about to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i). The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that EuroForex will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act. In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act. Furthermore, the nature of EuroForex's

violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant, EuroForex Development LLC, has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i). Therefore, judgment shall be and hereby is entered in favor of the Plaintiff, the Commodity Futures Trading Commission, and against EuroForex as follows:

Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)

16. EuroForex, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of EuroForex, and all persons and entities insofar as they are acting in concert or participation with EuroForex who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

   a. engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including, but not limited to, soliciting or accepting orders from any person that is not an ECP in connection with forex transactions; and

   b. engaging in any conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), including, but not limited to, offering to be the counterparty to its customers' forex transactions.

Removal of Website

1. EuroForex, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of EuroForex, and all persons and entities insofar as they are acting in concert or participation with EuroForex who receive actual notice of this order by personal service or otherwise, shall remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which they solicit or accept

orders or accounts from non-ECPs in connection with forex transactions or offer to be the counterparty to customers' forex transactions whether through www.euroforex.net, the Uniform Resource Locater ("URL") associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by EuroForex, in whole or in part. This includes, but is not limited to, submitting a removal request of the domain name(s) associated with the aforementioned conduct and corresponding URL(s) to the appropriate web-host provider and/or domain registration company.

2. Any person or entity providing web-hosting or domain name registration services in the United States for any website, domain name or affiliated URL under the ownership of EuroForex, in whole or in part, which EuroForex uses to solicit or accept orders or accounts from non-ECPs in connection with forex transactions at EuroForex or to offer to be the counterparty to customers' forex transactions, including, but not limited to, www.euroforex.net, the URL associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by EuroForex, in whole or in part, who receives actual notice of this Order by personal service or otherwise shall:

   a. remove or cause to be removed from the Internet all webpages, within their control, which are posted or authorized or to be posted or authorized by EuroForex or any persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of EuroForex, in which EuroForex 1) solicits or accepts orders or accounts from non-ECPs in connection with forex transactions at EuroForex; or 2) offers to be the counterparty to customers' forex transactions;

   b. preserve all documents related to any website operated, in whole or in part, under the name euroforex.net, as well as any website that is substantially identical in appearance to that website; and

   c. immediately notify counsel for the CFTC of any other web page or website operated or controlled by or on behalf of EuroForex.

Trading Prohibition

3.  EuroForex, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of EuroForex, and all persons and entities insofar as they are acting in concert or participation with EuroForex who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

   a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

   b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

   c. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

   d. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

   e. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

   f. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

Civil Monetary Penalty

4.  EuroForex shall pay to the Commission a civil monetary penalty of $280,000, plus post-judgment interest.

5.  Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a).

6.  EuroForex shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

If EuroForex chooses to make the payment by electronic funds transfer, it shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. EuroForex shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding. Copies of the cover letter and the form of payment shall be simultaneously transmitted to David Meister, Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and to Rosemary Hollinger, Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 525 W. Monroe Street, Suite 1100, Chicago, IL 60661.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon EuroForex or any other entity or person that may be subject to any provision of this Order. Veronica Spicer, Elizabeth Streit and Joy McCormack, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

**IT IS FURTHER ORDERED** that all pleadings, correspondence, notices or other materials required by this Order shall be sent to Veronica Spicer, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

**IT IS SO ORDERED.**

DATED: March 29, 2011

Hon. Samuel Der-Yeghiayan
United States District Judge